Jorge Solis CONTRERAS, Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75347.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 2, 2008.

Jorge Solis Contreras, Lake Elsinore, CA, pro se.

Julie M. Iversen, Anh–Thu P. Mai, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Jorge Solis Contreras, a native and citizen of Mexico and a lawful permanent

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

resident of the United States, petitions pro se for review of the Board of Immigration Appeals' denial of his motion to reconsider the underlying denial of his application for cancellation of removal for lawful permanent residents pursuant to Immigration and Nationality Act § 240A(a), 8 U.S.C. § 1229b(a). In the underlying proceedings, the immigration judge determined that petitioner was eligible for cancellation of removal, but denied such relief after weighing the equities and exercising its discretion.

Solis Contreras contends that the BIA abused its discretion in denying his motion to reconsider by failing to consider all the facts and circumstances surrounding the IJ's determination that petitioner did not merit a favorable exercise of its discretion concerning his request for cancellation relief. We conclude that the BIA did not abuse its discretion in denying petitioner's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior order affirming the IJ's decision to deny cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). To the extent that petitioner contends that the BIA failed to consider some or all of the evidence he submitted over the course of the proceedings, he fails to overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Moreover, even though petitioner did not file a timely petition for review from the underlying denial of his application for cancellation relief, we would additionally lack jurisdiction to review that decision which was based on the agency's discretionary determination that petitioner did not merit cancellation relief. *See*

*Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003) (this court lacks jurisdiction to consider "all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief.")

**PETITION FOR REVIEW DENIED.**